JOHN B. MARACELLA *v.* LAWRENCE ODELL.

The defendant had employed the plaintiff, a real estate broker, to effect a sale of his house, and had also employed another broker to the same end. The latter broker posted a bill on the premises, and a purchaser being attracted thereby, called at the house, and was informed by the tenant that the plaintiff was rent collector. The purchaser then called on the plaintiff, who informed him of the rent and price, and sent a clerk with him to show the house. The next day, the purchaser, following the direction on the bill, went to the other broker therein named, by whom he was introduced to the owner, and with whom the negotiations took place, which resulted in a sale. *Held,* that the latter broker, and not the plaintiff, had earned a commission for effecting the sale.

APPEAL by the defendant from a judgment of the Sixth District Court.

The action was brought by the plaintiff to recover commissions alleged to have been earned by the plaintiff in procuring the sale of certain premises owned by the defendant. The facts sufficiently appear in the opinion of the court.

*Malcolm Campbell,* for appellant.

*E. E. Anderson,* for respondent.

BY THE COURT.—BARRETT, J.—That the defendant employed the plaintiff to sell his house is undisputed, and the only question is, who was the procuring cause of the sale. It seems that another broker, named Peyton, was also employed. The plaintiff's bill had been upon the house, but was taken down, and Peyton's put up instead. McKenna, the purchaser, was first attracted by this bill of Peyton's, but learning from the tenant that the plaintiff was the rent collector, he went to the latter's office " to inquire," as he says, " about the rent." There, however, he was informed of the price, and the plaintiff sent a clerk with him to show the house. This was the plaintiff's entire agency in the matter. The next day, McKenna called upon Peyton, and a negotiation ensued in the latter's office, which resulted in a bargain, and subsequently consum-

mated sale. McKenna said nothing about his previous interview with the plaintiff, and the latter was not heard of in the matter.

Upon these undisputed facts, it is clear that Peyton, and not the plaintiff, was the person entitled to the commission. McKenna, knowing from the bill that Peyton had the sale of the house, called upon the plaintiff merely to ascertain something upon the subject of the rent. The information then given was purely incidental, and, except as to price, was not new to McKenna. Even the fact that the plaintiff had the house in his hands for sale does not appear to have been mentioned. McKenna, very naturally, therefore, followed the direction upon the bill, and inquired of Peyton, by whom he was brought in contact with the owner, and with whom and in whose office the negotiation took place. The idea that the information given by the plaintiff, in the manner and under the circumstances described, was the procuring cause of the sale, is too far-fetched. There is really no natural or just connection between the two. A dozen brokers may be employed, and may do as much, yet if the purchaser, directed by a bill upon the house, call upon a particular broker, and enter into a negotiation with him, which results in a contract, I apprehend that such broker, and he alone, is entitled to a commission.

The judgment should be reversed.

Judgment reversed.